Albert FORTE, Appellant,

v.

Julius GOLDSTEIN, et al., Appellees.

Sheldon BERNSTEIN, Appellant,

v.

Albert FORTE, et al., Appellees.

Nos. 82–505, 82–524 and 82–690.

District of Columbia Court of Appeals.

Argued April 14, 1983.*

Decided May 18, 1983.

* Case No. 82–690 was submitted on the briefs.

William R. Voltz, Washington, D.C., for appellant in No. 82–505 and appellee in 82–690.

David M. Dorsen, Washington, D.C., for appellees Jerome Alper, Julius Goldstein, Joseph Steinberg and Carl Marks Realty Venture, Inc. in No. 82–505.

Philip J. Mause, Washington, D.C., with whom Peggy Kobacker Shiffrin, Washington, D.C., was on the brief, for appellee Nat. Bank of Washington in No. 82–505.

Sheldon Bernstein, pro se.

Before NEWMAN, Chief Judge, TERRY, Associate Judge, and YEAGLEY, Associate Judge, Retired.

PER CURIAM:

This is an appeal by Albert Forte from the grant of a Motion for Summary Judgment in favor of Goldstein et al. Forte argues that appellees owe him $89,000.00, his share of a joint venture asset converted by certain appellees and ratified by the rest. This case was consolidated with an appeal by Bernstein, arising from a related proceeding, in which a Motion for Summary

Judgment along with extensive damages was granted in favor of Forte.

## I

In 1967, Union Center Plaza Associates (UCPA) was organized for the purpose of developing a parcel of land at North Capitol and K Streets in the District of Columbia. The co-venturers were Julius Goldstein, William McInarnay, Sheldon Bernstein, Melvin Cohn, Howard Weiss, Jerome Alper and Joseph Steinberg. At that time, UCPA had no construction loan money, no construction contract and no prospective tenants. All UCPA had was an agreement with the District of Columbia Redevelopment Land Agency that they could develop the land. Albert Forte was asked to join the venture in 1971 because he could assist UCPA in obtaining construction financing. He joined with an 11.5% interest. Under the provisions of the joint venture agreement, the day to day management was delegated to Bernstein and Cohn. Major decisions were to be made by 60% of the joint venture interests and this percentage of the interests could authorize any co-venturer to act on behalf of UCPA in any respect. There were no limits on the type of actions which could be taken upon that 60% authorization and there were no provisions limiting or directing the use of joint venture funds.

The agreement anticipated that each co-venturer would contribute to the venture by lending his credit to the financing if necessary. Forte and McInarnay never loaned their credit or invested any funds into the project. Forte, however, was instrumental in obtaining a tenant for the proposed project and he helped obtain the construction money,[1] construction contract, building permits, plans and specifications.

UCPA came to own approximately $905,-000. Four hundred and five thousand dollars ($405,000) was distributed[2] between Bernstein, Weiss and Cohn in 1973. The remaining $500,000 was used to purchase a Certificate of Deposit (CD) from the National Bank of Washington (NBW) in the name of UCPA.

About November 17, 1973, Bernstein, Cohn and Weiss borrowed money from NBW in behalf of the Prime Land Redevelopment Corporation, an unrelated entity in which the three had an interest. The CD was pledged, without the knowledge or permission of the other co-venturers, as security for that loan. Bernstein, Cohn and Weiss however represented to NBW that UCPA had authorized the pledge of the CD as collateral. NBW justified their actions in accepting the CD as security by arguing that they thought Prime Land and UCPA were composed of the same individuals and therefore felt they could rely on Bernstein, Cohn and Weiss' representations that the pledge had been authorized by UCPA. Shortly thereafter, Bernstein advised his co-venturers that the CD had so been used. Some members of the joint venture, including Forte, objected to the pledge.

At some point, Bernstein, Cohn and Weiss conveyed their entire interest in UCPA to the Carl Marks Company to satisfy debts owed that company for various business financing it had advanced them.

Prime Land defaulted on the loan. NBW refused to release the CD and required periodic extensions of the CD and its continued use as a security for the indebtedness of Prime Land. Over the next several months NBW and UCPA negotiated over the right to the CD. Forte participated in at least one negotiating session.

On January 7, 1977, Bernstein, on behalf of UCPA, executed a settlement agree-

---

1. UCPA was involved in two projects—South Building and North Building. Bernstein claims he was responsible (with Cohn and Weiss) for the financing of South Building and that Forte and McInarney refused to sign the guarantee on the loan. Bernstein also claims he arranged the financing for North Building.

2. The agreement called for distribution among the venturers in accordance with their joint venture interests.

ment[3] with NBW whereby NBW paid UCPA $190,000 in return for UCPA's release of all claims to the $500,000 CD. Holders of 62% of the interests in UCPA consented. Forte, however, refused to enter into or authorize the settlement.

Pursuant to the division of the $190,000, Forte received a check for $26,000, his pro rata share. Forte advised certain members of UCPA that he did not consider the $26,000 to be a full settlement of his claims. However, he did deposit and retain the funds.

Forte filed suit against NBW, Bernstein, Cohn and Weiss, and the other "innocent co-venturers", alleging the conversion of the balance of his share of the joint venture assets. Forte reasoned that if the $905,000 had been split among all co-venturers, he would have received $115,000. He therefore sought the remaining $89,000. NBW filed a Motion for Summary Judgment which was denied by Judge Pryor, who set forth specific reasons for its denial. NBW then conducted extensive discovery and refiled its motion. This time it was granted, without explanation, by Judge Hamilton. The other defendants filed a Motion for Summary Judgment against Forte which was granted. Forte appealed.

Forte then filed a Motion for Summary Judgment against Bernstein and Cohn[4] seeking compensatory and punitive damages for the conversion of $500,000 of UCPA funds. Bernstein retaliated with another Motion for Summary Judgment, this one based on the statute of limitations. A hearing was held before Judge Murphy who denied Bernstein's motion, granted Forte's Motion, and entered judgment in the sum of $109,200.10 compensatory damages and $50,000 punitive damages. Bernstein appealed. The two cases were later consolidated for purposes of this appeal.

## II

In this case, Forte alleges two instances of conversion, the initial division of the $405,000 between Bernstein, Cohn and Weiss and the settlement with NBW for less than the full amount of the CD. The statute of limitations governing an action for conversion is three years. D.C.Code § 12–301 (1973). The distribution of the $405,000 occurred in 1973. Forte did not file suit until August 10, 1977. Thus an action for the alleged conversion of the $405,000 is clearly time barred.

Contrary to Forte's assertions, the second instance of conversion occurred, if at all, in late 1973 when Bernstein, Cohn and Weiss pledged the CD, without authorization from UCPA, to secure their loan. *See* PROSSER TORTS § 87 (4th ed. 1971); *accord, e.g., Nichimen Co. v. Ashbach*, 352 F.2d 899, 903–04 (7th Cir.1965). The statute of limitations period has therefore run. The periodic renewal of the CD does not toll the running of the statute of limitations. The pledge underlying the CD was the basis of the conversion, and that pledge was never renewed. The rolling over of the CD did not renegotiate the underlying pledge. UCPA could not have had access to the CD without fully repaying the loan. Since the statute of limitations had run, summary judgment in favor of the "innocent co-venturers" was appropriate. For the same reasons, summary judgment should have been granted in favor of appellant Bernstein in the related action.

## III

Forte alleges that summary judgment should not have been granted in favor of NBW because NBW knew or should have known that the pledging of the CD was not authorized by UCPA, and therefore should not have entered into settlement negotiations over rights in the CD.

---

**3.** Bernstein claims Forte asked him to negotiate the settlement in return for Forte's forgiving the defendant and not proceeding against him.

**4.** Howard Weiss filed for bankruptcy so he was no longer involved in the case. A default judgment was entered against Cohn.

■ NBW's experience with UCPA and its managing co-venturers Bernstein and Cohn, Forte's assertion to the contrary, fully justified its reliance on Bernstein's representation that the pledge was authorized by UCPA. NBW knew that Bernstein was a managing co-venturer of UCPA and had dealt with Bernstein in this capacity for several other UCPA matters. It would be cumbersome and impractical to require banks with a history of dealing with managing co-venturers to verify the authority of the co-venturers' every action for the joint venture. NBW can not be held liable for Bernstein, Cohn and Weiss' misrepresentations of authority. NBW's participation in settlement negotiations over rights in the CD, once NBW realized the pledge was unauthorized, was not inappropriate. The negotiation sessions were fully approved by the UCPA co-venturers and several, including Forte, participated in them. These negotiations were an attempt by equally victimized parties to equitably resolve the issue of rights to the CD. The proposed settlement was approved by those holding 62% of the interests in UCPA and was fully consistent with the joint venture agreement. Summary judgment in favor of NBW was therefore appropriate.[5]

*Affirmed in part, reversed in part.*

---

5. Summary judgment could have been granted in favor of NBW on the grounds that the statute of limitations had run. The analysis is the same as that used to determine that the statute of limitations had run, precluding suit against the "innocent co-venturers" and Bernstein.